1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11   DESHAWN JOHNSON,

12          Plaintiff,

13      v.

14   HEATHER SHIRLEY, *et al.*,

15          Defendants.

16
17
18

Case No. 1:23-cv-00508-CDB (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

(Doc. 1)

**FOURTEEN (14) DAY DEADLINE**

Clerk of Court to assign a District Judge

19          Plaintiff Deshawn Johnson and seventeen other state prisoners housed at Wasco State

20   Prison were plaintiffs in civil rights action filed as *Thomas v. Shirley*, Case No.1:23-cv-00470-

21   BAM (PC).

22   **I.      PROCEDURAL HISTORY**

23          On April 5, 2023, in the *Thomas* action, Magistrate Judge Barbara A. McAuliffe issued an

24   Order to Sever Action, Order to Strike Unsigned Complaint, and Order to Submit Signed

25   Complaints and Applications to Proceed *In Forma Pauperis* or Pay Filing Fee. (Doc. 1.) The

26   Court severed the claims of the lead plaintiff, Rick L. Thomas, from the claims of the remaining

27   seventeen plaintiffs. The Court directed the Clerk of Court to open a separate civil action for the

28   remaining plaintiff's claims. (*Id*. at 3–4.) Accordingly, on the same day, the Clerk opened the

  
1  instant case, issued new case documents, and served the *Thomas* order on Plaintiff. (*See* Docket

2  & Doc. 2.)

3      The Court also ordered the severed plaintiffs each to pay the $402.00 filing fee or submit

4  an application to proceed *in forma pauperis* and to file a personally signed complaint or notice of

5  voluntary dismissal within 45 days of the date of service of the order. (Doc. 1 at 4.) The order was

6  served on April 5, 2023. More than 45 days have passed since service of the order, and Plaintiff

7  has failed to pay the filing fee or submit an application to proceed *in forma pauperis* and to file a

8  signed complaint to commence this action.

9  **II.    DISCUSSION**

10     **A.    Legal Standards**

11     The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

12 "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for

13 the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

14 Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising

15 that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth.,*

16 *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

17 party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.,*

18 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a

19 court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir.

20 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

21 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

22     In determining whether to dismiss an action, a court must consider several factors: (1) the

23 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

24 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

25 their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423.

26     **B.    Analysis**

27     Plaintiff has failed to file a signed complaint or notice of voluntary dismissal as ordered.

28 The Court cannot manage its docket effectively if Plaintiff ceases litigating his case. Thus, the

2

1  Court finds the first and second factors—the public's interest in expeditious resolution of

2  litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey v. King*,

3  856 F.2d 1439, 1440 (9th Cir. 1988). The third factor weighs in favor of dismissal since a

4  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

5  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The Court's April 5, 2023, order afforded

6  Plaintiff 45 days to file a signed complaint or a notice of voluntary dismissal. Plaintiff's failure to

7  comply with the order has caused an unreasonable delay in prosecuting this action, resulting in a

8  presumption of injury. The third factor—a risk of prejudice to defendants—also weighs in favor

9  of dismissal. *Carey*, 856 F.2d at 1440.

10      The fourth factor usually weighs against dismissal because public policy favors

11  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

12  "this factor lends little support to a party whose responsibility it is to move a case toward

13  disposition on the merits but whose conduct impedes progress in that direction." *In re*

14  *Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation

15  omitted). By failing to file a signed complaint or a notice of voluntary dismissal, Plaintiff is not

16  moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy

17  favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at

18  1440.

19      Finally, a court's warning to a party that failure to obey the court order will result in

20  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

21  Here, the Court warned in plain and clear terms: "**A Plaintiff's failure to comply with this**

22  **order will result in dismissal of that Plaintiff's individual action**." (Doc. 1 at 4) (alteration in

23  original). In the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued

24  that same date, the Court advised Plaintiff:

25          In litigating this action, the parties must comply with this Order, the Federal Rules
26          of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States
            District Court, Eastern District of California ("Local Rules"), as modified by this
27          Order. Failure to so comply will be grounds for imposition of sanctions which
            may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b).
28

(Doc. 2 at 1.) This provided Plaintiff adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The Court finds Plaintiff has failed to comply with the Court's order of April 5, 2023, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with court orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

**III.    CONCLUSION**

Accordingly, it is hereby RECOMMENDED:

1. This Court dismiss this action without prejudice for failure to obey court orders and failure to prosecute; and

2. Direct the Clerk of Court to close the case.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __June 9, 2023__                                    _____
                                                                         UNITED STATES MAGISTRATE JUDGE

4